[Civ. No. 2458.    Second Appellate District, Division One.—November 12, 1919.]

A. GARAU, Appellant, v. CARLO MARCHETTI, Respondent.

[1] CONTRACTS—REPAYMENT OF ADVANCES—TIME OF ACCRUAL—CONSTRUCTION OF INSTRUMENT.—Where a supplemental agreement provides that "in the event that the money from the sale of seats, or other sources, after the payment of all necessary debts and obligations" be insufficient to pay one of the parties the sum advanced by him under the original contract for the preliminary expenses of certain opera performances, the other party to the contract will pay to such party making the advances one-half of the sum advanced, and it is understood and agreed that the proceeds of a certain claim for damages against third parties for the breach of a contract of lease of a theater is to be considered as a source of income, a right of action based on the supplemental agreement to collect the one-half of the advances made will not accrue until after the final determination of the action on the claim for damages.

APPEAL from a judgment of the Superior Court of Los Angeles County. John M. York, Judge. Affirmed.

The facts are stated in the opinion of the court.

Winslow P. Hyatt for Appellant.

Anderson & Anderson for Respondent.

CONREY, P. J.—On the twenty-eighth day of November, 1914, the National Grand Opera Company, a corporation, was preparing to commence the production and presentation of operatic performances in various places on the Pacific

coast. On that day a contract was entered into between the corporation, as party of the first part, and A. Garau, as party of the second part, and Carlo Marchetti, as party of the third part, which provided for certain moneys to be advanced by Garau and Marchetti to cover the preliminary expenses of the presentation of such performances. Provision was made in the contract for the manner of repayment of such moneys to be advanced. On the fifth day of March, 1915, a supplemental contract was entered into between the same parties, referring to the fact that the party of the second part subsequent to November 28, 1914, had advanced to the party of the first part a certain sum of two thousand dollars, and further provided as follows: "Now therefore, in consideration of the assuming by said party of the third part of the repayment to the said party of the second part of one-half (½) of said sum of two thousand ($2000) dollars with legal interest in the event that the money from the sale of seats, or other sources, after the payment of all necessary debts and obligations, shall be insufficient to pay to the said party of the second part the said sum of two thousand ($2000) dollars as aforesaid, the said respective parties do mutually agree that the said contract so entered into as aforesaid shall be modified in the following respect, to wit." The contract then set forth a modified arrangement for the division between Garau and Marchetti of the moneys to be received by them in repayment of their advances to the corporation.

In this action the plaintiff seeks to recover from the defendant the sum of one thousand dollars, which the defendant agreed to pay to the plaintiff under the provisions of said supplementary agreement, together with interest thereon. It is admitted that no part of said sum of two thousand dollars has been repaid to the plaintiff either by the National Grand Opera Company or by the defendant.

Responding to an affirmative defense contained in the answer and in accordance with the facts as shown by the evidence, the court found that as a part of the business of the opera company for the season covered by said agreements, the company planned to produce and present grand opera in the city of San Francisco, in the Cort Theater, and had a lease for the production and presentation of grand opera in that theater; that the lessor, one John Cort,

prevented the company from presenting grand opera in said theater and thereby caused a loss to the said opera company in the sum of forty-nine thousand dollars. Subsequently the opera company commenced an action in the superior court of Los Angeles County against John Cort and others to recover from the defendants named therein the said sum of forty-nine thousand dollars as damages for the breach of the contract of lease. That action was pending and undetermined at the time of the trial of this present action. The court found in this action that on March 5, 1915, at the time of the making of said supplementary contract, it was understood and agreed by the parties thereto that the proceeds of said claim for damages in said action against Cort and others were understood to be a source of income to the opera company; and that by the words "other sources" of income, as used in said agreement of March 5, 1915, the parties intended to and did agree that the proceeds of said claim or action were to be considered as a source of income of the opera company. As conclusions of law from its findings, the court determined that plaintiff's right to recover of defendant the said sum of one thousand dollars, or any part thereof, will not accrue until after the final determination of said action against Cort and others. Accordingly, judgment was entered herein in favor of the defendant and against the plaintiff; it being provided therein, however, that said judgment shall be without prejudice to the right of plaintiff to recover from the defendant the sum of one thousand dollars, as provided in the agreement of March 5, 1915, after the final determination of said other pending action.

The plaintiff appealed from the judgment, and also attempted to appeal from an order denying his motion for a new trial. The law recognizes no right of appeal from such order denying the motion for a new trial, and that appeal is dismissed.

[1] The parties herein have stipulated to the existence of the Cort lease and the wrongful breach thereof, and that the said wrongful acts of John Cort caused the opera company a loss in the sum of forty-nine thousand dollars. It seems clear that the pendency of the action to recover those damages leaves open and undetermined the conditions upon which the defendant's liability to the plaintiff herein de-

pends. It is only when that action shall be determined and the practical results thereof reasonably established that it will be possible to know whether or not "the money from the sale of seats, or other sources, after the payment of all necessary debts and obligations," has been insufficient to pay to the plaintiff the said sum of two thousand dollars advanced by him to the opera company.

We think there is no merit in appellant's claim that he is entitled to judgment because there is not in the answer a specific denial of allegation 4 of the amended complaint, that "the money of said National Grand Opera Company from the sale of seats, or other sources, after the payment of necessary debts and obligations of said National Grand Opera Company, was insufficient to repay to plaintiff the said sum of two thousand dollars ($2,000), or any part thereof." That allegation only covered the fact concerning money received down to the time of the commencement of this action. Admitting the fact so alleged, it still was necessary under the affirmative defense to determine whether such conditions were in existence that the accounts of the opera company might be considered to be finally closed. When they are completely closed, so that the final balance can be struck, and if at that time the moneys which have been received are insufficient to repay the plaintiff the sum claimed by him, then the liability of defendant under said supplementary agreement will become fixed in accordance with the facts then existing.

The judgment is affirmed.

Shaw, J., and James, J., concurred.